1                                                                                                    **O**

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                         CENTRAL DISTRICT OF CALIFORNIA

10

11   SHEIK M. MORGAN EL,                      Case No.:  2:22-cv-08982-MEMF-KS

12                          Plaintiff,         **ORDER DENYING MOTION TO DISMISS
                                               [ECF NO. 26]**
13              v.

14

15   HOLLY J. MITCHELL, et al.,

16                          Defendants.

17

18

19

20         Before the Court is the Motion to Dismiss filed by Defendants County of Los Angeles, Holly

21   J. Mitchell, Brandon T. Nichols, and Fesia Davenport. ECF No. 26. For the reasons stated herein, the

22   Court DENIES the Motion to Dismiss.

23

24   / / /

25   / / /

26   / / /

27   / / /

28   / / /

1

1   **I.   Background**

2       **A.   Factual Background**[1]

3       Plaintiff Brother M. Morgan El, Sheik ("Morgan El") is an individual residing in California.

4   Compl. at 1, 3. Brother Morgan El has a daughter, Sister M. Morgan-El ("Sister Morgan El"). *See id.*

5   at 5.

6       Defendant California Department of Children and Family Services ("DCFS") is a

7   government organization. *See id.* at 2. Defendant Brandon T. Nichols ("Nichols") is an individual

8   residing in California and is a director of DCFS. *See id.* Defendant County of Los Angeles

9   ("COLA") is a government entity. Defendants Holly J. Mitchell ("Mitchell") and Fesia Davenport

10  ("Davenport") are individuals residing in California who work in various roles for COLA.

11      On December 21, 2016, a Los Angeles County family court awarded Morgan El sole custody

12  of Sister Morgan El. *See id.* at 5; *see also id.* at 8–16 (court's judgment attached an as exhibit to the

13  Complaint). To date, no further court order exists that limits Morgan El's rights. *See id.* Morgan El

14  wishes to raise Sister Morgan El "according to his religion, Islamism, tribal culture, Moorish-

15  American, and identity, Moslem." *Id.* at 5. Morgan El includes a section entitled "Religious

16  Doctrine" in his Complaint which expands upon his beliefs. *See id.*

17      On approximately September 2, 2022, DCFS, under direction from Nichols, Mitchell, and

18  Davenport, began violating Morgan El's parental rights. *See id.* Without Morgan El's consent, DCFS

19  "extracted teeth" from Sister Morgan El, vaccinated her, and enrolled her in a school. *See id.* Morgan

20  El was notified after the fact. *See id.* Morgan El sent a cease and desist letter to DCFS on October 6,

21  2022. *See id.* This letter references a case number at Edelman Children's Court. *See id.* at 22. DCFS

22  has not responded.

23      **B.   Procedural History**

24      Morgan El filed his Complaint on December 12, 2022. *See* Compl. Morgan seeks a

25  declaratory judgment that "absent a court order issued by a court of competent jurisdiction under due

26  _____

27  [1] The following factual background is derived from Plaintiff Brother M. Morgan El, Sheik's Complaint. ECF
    No. 1. These allegations are included as background. At this stage of the litigation, the Court makes no
28  finding on the truth of these allegations and is therefore not—at this stage—finding that they are true.

process of law" stating otherwise, Morgan El has the right to raise his child "according to the laws and customs of his Moorish- American tribe and religion." *See id.* at 6.

On June 29, 2023, COLA, Davenport, Mitchell, and Nichols (collectively, the "County Defendants[2]") filed the instant Motion to Dismiss. ECF No. 26 ("Motion" or "Mot."). Morgan El filed an Opposition to the Motion on September 1, 2023. ECF No. 32 ("Opp'n"). The County Defendants did not file any reply in support of the Motion.

The Court issued a tentative ruling on November 8, 2023, and the parties stipulated to accept the tentative ruling and vacate the hearing scheduled for November 9, 2023. ECF No. 34.

## II.    **Applicable Law**

"Federal courts are courts of limited jurisdiction," and can only hear cases where there is a valid basis for federal jurisdiction. *Richardson v. United States*, 943 F.2d 1107, 1112 (9th Cir. 1991). Federal Rule of Civil Procedure 12(b)(1) ("Rule 12(b)(1)") authorizes a party to seek dismissal of an action for lack of subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1).

"The jurisdiction of federal courts is defined and limited by Article III of the Constitution." *Flast v. Cohen*, 392 U.S. 83, 94 (1968). Under Article III, federal courts "may act only in the context of a justiciable case or controversy." *Sec. & Exch. Comm'n v. Med. Comm. for Hum. Rts.*, 404 U.S. 403, 407 (1972). This requirement of a case or controversy "limit[s] the business of federal courts to questions presented in an adversary context and in a form historically viewed as capable of resolution through the judicial process." *Flast*, 392 U.S. at 95 (1968).

Rule 12(b)(1) jurisdictional challenges can be either facial or factual. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Id. "*By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Id.* "When the defendant raises a factual attack, the *plaintiff* must support her jurisdictional allegations with competent proof under the same

---

[2] Defendants DCFS is not a "County Defendant" and does not join in this Motion. Despite having been served with process (*see* ECF No. 19 at 9–10), DCFS has not appeared in this action.

1   evidentiary standard that governs in the summary judgment context." *Leite v. Crane Co.*, 749 F.3d

2   1117, 1121 (9th Cir. 2014) (emphasis added) (citation and quotation marks omitted). The court need

3   not accept the allegations in the complaint as true when considering a factual attack. *See Safe Air for*

4   *Everyone*, 373 F.3d at 1039. The *plaintiff* bears the burden of proving subject-matter jurisdiction by

5   a preponderance of the evidence. *Leite*, 749 F.3d at 1121.

6   **III.   Discussion**

7     The County Defendants raise three arguments as to why there purportedly is a lack of subject

8   matter jurisdiction here: that declaratory relief is not appropriate, that *Younger* abstention applies,

9   and that *Rooker–Feldman* doctrine applies. *See* Mot. As described below, all three arguments fail.

10   Accordingly, The County Defendants' Motion will be denied.

11     **A.   There is a case or controversy sufficient for declaratory relief.**

12     Morgan El seeks a declaratory judgment that unless a court orders otherwise, he has a right to

13   raise his daughter according to his customs and religion. *See* Compl. at 6. The Declaratory Judgment

14   Act allows a federal court to "declare the rights and other legal relations of any interested party

15   seeking such declaration" in "a case of actual controversy within its jurisdiction [except specified

16   federal tax actions and bankruptcy proceedings]." *See* 28 U.S.C. § 2201(a).

17     In order to seek a declaratory judgment, a plaintiff "need only demonstrate an independent

18   basis of federal jurisdiction and an actual case or controversy." *Calderon v. Ashmus*, 523 U.S. 740,

19   744 (1998). The Supreme Court has summarized the requirements a plaintiff must meet to obtain a

20   declaratory judgment as: "Basically, the question in each case is whether the facts alleged, under all

21   the circumstances, show that there is a substantial controversy, between parties having adverse legal

22   interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment."

23   *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007).

24     Here, these requirements are met by Morgan El's Complaint as pleaded. First, because

25   Morgan El asserts claims based on the First and Fourteenth Amendments, there is a basis for federal

26   jurisdiction. *See* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil

27   actions arising under the Constitution, laws, or treaties of the United States."). Second, there is a

28   case or controversy. Morgan El alleges that he wishes to raise his daughter a certain way, and that

various government entities and individuals associated with those entities are attempting to stop him. There appears to be a direct dispute between Defendants and Morgan El as to what Morgan El's rights are with respect to Sister Morgan El. This is a "substantial controversy, between parties having adverse legal interests." *See MedImmune*, 549 U.S. at 127. This controversy is real and not hypothetical. *See id.* And Morgan El has a clear stake in it.[3]

The County Defendants arguments as to why declaratory relief is not permitted are not persuasive. First, the County Defendants argue that whether to grant declaratory relief is a matter of judicial discretion, and that it should only be granted when it will be useful to the parties in avoiding uncertainty or clarifying rights. *See* Mot. at 9 (*citing Eccles v. Peoples Bank of Lakewood Vill., Cal.*, 333 U.S. 426, 431 (1948); *United States v. State of Wash.*, 759 F.2d 1353, 1357 (9th Cir. 1985)). But these principles do not counsel against hearing a claim for declaratory relief here. Based on the record before the Court, it appears that a declaratory judgment will clarify to Morgan El and Defendants what their respective rights are. Deciding this case on the merits will either allow Morgan El to raise his daughter as he pleases without fear of intervention by the government, or alternatively, if the Court rules for Defendants, will allow Defendants to take actions regarding Sister Morgan El with greater certainty that their conduct is not unlawful.

Second, the County Defendants argue that a declaratory judgment is inappropriate in light of the "the juvenile court's ongoing action which directly pertains to plaintiff's parental rights." *See* Mot. at 10. The Court will address the impact of this ongoing juvenile court action in separate sections below. No authority suggests that the existence of another ongoing action results in this action not being a case or controversy or makes declaratory relief *per se* inappropriate.

**B. The *Younger* abstention doctrine does not apply.**

Defendants argue that because a juvenile court action is ongoing, this Court must abstain from adjudicating this case. *See* Mot. at 10–12. *Younger* abstention doctrine requires federal courts

---

[3] Although the County Defendants do not explicitly raise any arguments as to whether this action is justiciable, the Court finds that it justiciable. Nothing in the record before the Court suggests that Morgan El lacks standing, that the action is not ripe, that it has become moot, or that any other justiciability doctrine would preclude a finding that this action constitutes a case or controversy over which a federal court has jurisdiction.

1   to abstain from certain cases "under the principles of federalism." *Pennzoil Co. v. Texaco, Inc.*, 481

2   U.S. 1, 10 (1987); *see also Younger v. Harris*, 401 U.S. 37 (1971). Federal courts should not enjoin

3   state criminal prosecutions and should not intervene in civil state court proceedings "if the State's

4   interests in the proceeding are so important that exercise of the federal judicial power would

5   disregard the comity between the States and the National Government." *Pennzoil Co.*, 481 U.S. at

6   10. Abstention is appropriate when four requirements are met: (1) "there is an ongoing state judicial

7   proceeding;" (2) "those proceedings implicate important state interests; (3) "there is an adequate

8   opportunity in the state proceedings to raise constitutional challenges;" and (4) the "requested relief

9   must seek to enjoin—or have the practical effect of enjoining—ongoing state proceedings."

10  *ReadyLink Healthcare, Inc. v. State Comp. Ins. Fund*, 754 F.3d 754, 758 (9th Cir. 2014).

11      Here, at least one requirement listed above is squarely not met, because the declaratory relief

12  that Morgan El seeks would not enjoin or have the actual or practical effect of enjoining the state

13  court proceedings. Crucially, Morgan El seeks declaratory relief as to his rights absent a court order

14  otherwise. *See* Compl. at 6 (Morgan El seeks "a declaratory judgment stating that *absent a court*

15  *order issued by a court of competent jurisdiction under due process of law limiting Plaintiff's*

16  *parental rights*, Plaintiff has the constitutionally-protected right to raise his minor child according to

17  the laws and customs of his Moorish-American tribe and religion . . . ." (emphasis added)). If this

18  Court were to grant such relief, it would not prohibit the state juvenile court from issuing orders as to

19  Morgan El's rights. It would only limit Defendants' actions up until the time when the state court

20  issued an order. Thus, the requested relief would not enjoin the state court. Regardless of whether

21  the other requirements are met, *Younger* abstention is not appropriate here. *See ReadyLink*

22  *Healthcare*, 754 F.3d at 758.

23      Defendants cite a series of cases on the function of juvenile courts and their ability to address

24  constitutional questions. But none of the cases cited address the critical issue identified above—

25  whether the relief Morgan El seeks would actually interfere with the state court proceedings. For

26  example, Defendants cite *Moore v. Sims*, which held that a federal court should not have adjudicated

27  the constitutionality of a state statute when doing so required enjoining state child-abuse

28  proceedings. *See Moore v. Sims*, 442 U.S. 415, 423 (1979). But in *Moore*, the federal court's

1  decision enjoined ongoing state court proceedings, and caused some chaos in doing so. *See id.* at 434

2  (describing ways in which federal court orders allowed certain parties to circumvent a writ issued in

3  state court). Not so here. The Court finds that the relief Morgan El seeks would not enjoin or have

4  the practical effect of enjoining any state court litigation, and so finds that *Younger* does not require

5  abstention.

6        **C.  *Rooker–Feldman* doctrine does not deprive the Court of jurisdiction.**

7        Defendants argue that *Rooker–Feldman* doctrine deprives the Court of jurisdiction. This

8  argument fails.

9        "Under *Rooker–Feldman*, a federal district court does not have subject matter jurisdiction to

10  hear a direct appeal from the final judgment of a state court." *Noel v. Hall*, 341 F.3d 1148, 1154 (9th

11  Cir. 2003) (citing *Rooker v. Fid. Tr. Co.*, 263 U.S. 413 (1923); *D.C. Ct. of Appeals v. Feldman*, 460

12  U.S. 462 (1983)). This applies to not just actual appeals of state court judgments, but also to the "de

13  facto equivalent" of appeals of such judgment, "when a losing plaintiff in state court brings a suit in

14  federal district court asserting as legal wrongs the allegedly erroneous legal rulings of the state court

15  and seeks to vacate or set aside the judgment of that court." *Id.* at 1155–56. But here, Morgan El is

16  not seeking to appeal any state court decision. He has not lost in state court and is not seeking have

17  any judgment set aside or vacated. As described above, he seeks a declaration as to his rights *until*

18  another court decides the issue. *See* Compl. at 6. He is not appealing anything, actually or de facto.

19        Defendants cite a long series of cases that explain the principles behind *Rooker–Feldman*

20  doctrine and show that certain courts have applied the doctrine to juvenile court proceedings. But

21  none of the authorities cited demonstrate or suggest that an action that does not challenge any state

22  court decision is subject to *Rooker–Feldman* doctrine. If further facts show that Defendants were

23  acting pursuant to some court order when engaging in the challenged conduct, *Rooker–Feldman*

24  might deprive the Court of jurisdiction. But on the record before the Court here, there is no

25  indication that *Rooker–Feldman* applies. Morgan El explicitly alleges that no order has changed the

26  status of his parental rights since the 2016 order that gave him full custody. *See* Compl. at 5 ("To

27  date, no court order exists that limits or revokes Plaintiffs parental rights."). He is not appealing or

28  challenging any judgment. The Court therefore holds that *Rooker–Feldman* doctrine does not apply.

**IV.** <u>**Conclusion**</u>

For the reasons stated herein, the Court finds that it has jurisdiction over this action.

Defendants' Motion is therefore DENIED.

IT IS SO ORDERED.

Dated: November 9, 2023

_____

MAAME EWUSI-MENSAH FRIMPONG

United States District Judge