O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SHEIK M. MORGAN EL,

                Plaintiff,

      v.

HOLLY J. MITCHELL et al.,

                Defendants.

Case No.: 2:22-cv-08982-MEMF-KS

**ORDER GRANTING MOTION TO CONTINUE TRIAL AND RELATED DEADLINES [DKT. NO. 61]**

Before the Court is Defendants' Motion to Continue Trial and Related Deadlines. Dkt. No. 61. ("Motion"). For the reasons stated herein, the Court hereby DENIES the Motion.

/ / /

/ / /

1

I.    **Background**

A. **Factual Background**

Plaintiff Brother M. Morgan El, Sheik ("Morgan El") is an individual residing in California. Dkt. No. 1 ("Compl.") at 1, 3. Morgan El has a daughter, Sister M. Morgan-El ("Sister Morgan El"). *See id.* at 5.

Defendant California Department of Children and Family Services ("DCFS") is a government organization. *See id.* at 2. Defendant Brandon T. Nichols ("Nichols") is an individual residing in California and is a director of DCFS. *See id.* Defendant County of Los Angeles ("COLA") is a government entity. Defendants Holly J. Mitchell ("Mitchell") and Fesia Davenport ("Davenport") are individuals residing in California who work in various roles for COLA.

On December 21, 2016, a Los Angeles County family court awarded Morgan El sole custody of Sister Morgan El. *See id.* at 5; *see also id.* at 8–16 (court's judgment attached an as exhibit to the Complaint). To date, no further court order exists that limits Morgan El's rights. *See id.* Morgan El wishes to raise Sister Morgan El "according to his religion, Islamism, tribal culture, Moorish-American, and identity, Moslem." *Id.* at 5. Morgan El includes a section entitled "Religious Doctrine" in his Complaint which expands upon his beliefs. *See id.*

On approximately September 2, 2022, DCFS, under direction from Nichols, Mitchell, and Davenport, began violating Morgan El's parental rights. *See id.* Without Morgan El's consent, DCFS "extracted teeth" from Sister Morgan El, vaccinated her, and enrolled her in a school. *See id.* Morgan El was notified after the fact. See id. Morgan El sent a cease and desist letter to DCFS on October 6, 2022. *See id.* This letter references a case number at Edelman Children's Court. *See id.* at 22. DCFS has not responded.

B. **Procedural Background**

Morgan El filed his Complaint on December 12, 2022. *See* Compl. Morgan seeks a declaratory judgment that "absent a court order issued by a court of competent jurisdiction under due process of law" stating otherwise, Morgan El has the right to raise his child "according to the laws and customs of his Moorish-American tribe and religion." *See id.* at 6.

2

On June 29, 2023, COLA, Davenport, Mitchell, and Nichols (collectively, the "County Defendants") filed a Motion to Dismiss. Dkt. No. 26. Morgan El filed an Opposition to the Motion on September 1, 2023. Dkt. No. 32. The County Defendants did not file any reply in support of the Motion.

On November 9, 2023, the Court denied the Motion to Dismiss. Dkt. No. 35.

On December 27, 2023, the County Defendants filed an Answer to the Complaint. Dkt. No. 48.

On November 19, 2025, the County Defendants filed the instant Motion. Motion.

The Court held a hearing on the Motion on January 8, 2026. At the hearing, Defendant's counsel informed that Court that Plaintiff wished to file an Opposition to the Motion, and the Court ordered Plaintiff to file an opposition by January 15, 2026 and Defendant to file a Reply by January 19, 2026. Dkt. No. 62. On January 16, 2026, Plaintiff filed an Opposition. Dkt. No. 66 ("Opposition"). On January 19, 2026, Defendant filed a Reply. Dkt. No. 63 ("Reply").

On January 21, 2026, the Court held a final pretrial conference. Plaintiff did not appear at the final pretrial conference, but later filed a declaration explaining that he had gone to the Roybal Courthouse (instead of the First Street Courthouse) in error and arrived after the matter had been called. Dkt. No. 67.

## II.     **Applicable Law**

"[D]istrict judges have broad discretion to manage discovery and to control the course of litigation under Federal Rule of Civil Procedure 16." *Avila v. Willits Env't Remediation Trust*, 633 F.3d 828, 833 (9th Cir. 2011). In general, the pretrial scheduling order can only be modified "upon a showing of good cause." *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (quoting *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992)); *accord* Fed. R. Civ. P. 16(b)(4). "The pretrial schedule may be modified 'if it cannot reasonably be met despite the diligence of the party seeking the extension,'" but "[i]f the party seeking the modification 'was not diligent, the inquiry should end' and the motion to modify should not be granted." *Zivkovic*, 302 F.3d at 1087 (quoting *Johnson*, 975 F.2d at 609). Prejudice to the opposing party, though not the focus of the inquiry, also may support denying a motion. *Johnson*, 975 F.2d at 609.

### III.    Discussion

The County Defendants seek a continuance of the Court's deadlines set forth in the Civil Trial Order, Dkt. No. 53 ("CTO"), by ninety (90) days. *See generally* Motion. Defendants base their motion on the following grounds: (1) Defendants have demonstrated diligence; and (2) Plaintiff would not be prejudiced by a continuance. *Id.* Plaintiff asserts that a continuance could significantly prejudice him as the action could be moot. *See generally* Opposition. For the reasons stated below, the Court finds that Defendants have demonstrated good cause for a continuance.[1]

#### A.  Defendants Have Diligently Attempted to Obtain Relevant Documents.

The Court first addresses Defendants' contention that they have been diligent in the discovery process and defense of this action. The main issue prompting Defendants to seek a continuance is the delayed receipt of pertinent records from the Juvenile Court related to Court Reports, Detention Reports, and Status Review Reports. Motion at 5.

First, Defendants have sought these documents since January 2025 and Plaintiff requested the production of these documents in June 2025. *Id.* at 3-4. Defendants are not at fault for the delay in obtaining these documents. The records, materials related to the subject minor, are statutorily protected under Welfare & Institutions Code Section 827, which requires Defendants to file a petition for the production of the documents. Cal. Welf. & Instit. Code § 825; Motion at 4. Defendants filed a Section 827 petition and are awaiting the juvenile court's approval. Motion at 4. Plaintiff claims that Defendants "already have the core dependency court materials." Opposition at 4. But Plaintiff does not explain how Defendants' requested documents are also not pertinent dependency materials. As such, Defendants have shown diligence.

Second, these records are significant to litigate the instant matter and pertinent to the parties' claims as they center on actions related to the subject minor. *Id.* at 3-4.

---

[1] In Defendants' Reply, they state that Plaintiff emailed an opposition to Defendants on January 15, 2026 and informed Defendants that the opposition would be filed on January 16, 2026. An opposition has not been filed. The Court will address the representations, as to Plaintiff's arguments, made by Defendants' in their Reply.

Plaintiff claims that he was not aware of the motion to continue trial. However, he was emailed the Motion and information regarding the Motion on November 29, 2025 and January 3, 2026. Reply at 2.

Third, the current schedule prevents the parties from having hearings on their motions following the production of the requested Section 827 materials. CTO. The parties reserved January 15, 2026 to hear motions on summary judgment. Pursuant to the Court's Civil Standing Order, Defendants would be required to submit moving papers to Plaintiff sixty-three (63) days prior to the hearing date. Civil Standing Order § IX(D). And Plaintiff would have fourteen (14) days to response to the motion. Then, Defendants would have seven (7) days to file a reply. *Id.* However, as stated, the parties lacked the pertinent documents to fully brief the motions. Motion at 7. As such, even though Plaintiff declares that he is ready for trial, Opposition at 4, the temporal circumstances weighs in favor of a continuance.

Accordingly, Defendants have established diligence.

### B. The Prejudice to the Plaintiff Is Not Dispositive

Defendants discuss how, during a mediation between parties as well as Plaintiff's emailed opposition, Plaintiff allegedly expressed concern that Defendants would argue that the Complaint is moot by the fact that the subject minor will turn eighteen (18) years old on February 18, 2026. Motion at 7-8; Reply at 2-3. And in his Opposition, Plaintiff states that there is a risk that his "constitutional claims wil be deemed moot" if the Court grants the continuance. Opposition at 3-4. Defendants assert that "nothing will change the fact that the minor is turning 18" and the determinations by this Court will not alter the dependency court findings. Motion at 8; Reply at 2-3.

The Supreme Court, in *Troxel v. Granville*, 530 U.S. 57 (2000), held that "it cannot now be doubted that the Due Process Clause of the Fourteenth Amendment protects the fundamental right of parents to make decisions concerning the care, custody, and control of their children." *Id.* at 66.

Plaintiff's Complaint seeks declaratory judgment that "absent a court order . . . limiting Plaintiff's parent rights, Plaintiff has the constitutuionally-protected right to raise his minor child according to the laws and customs of his Moorish-American tribe and religion." Compl. at 6. Thus, Plaintiff seeks declaratory judgment as to his constitutionally protected right to raise his daughter as discussed in *Troxel*, 530 U.S. at 66. It appears this constitutionally protected right ends February 18,

2026—the date of majority for the subject child at issue. *Id.* This means there is a strong possibility that Plaintiff's daughter will pass the age of majority during this action.[2]

The Court notes that the Plaintiff's failure to timely file an Opposition and non-appearance at two hearings (only one of which was explained by the courthouse mixup) means that he is not without fault with respect to any prejudice. As a result, the Court holds that this factor is not substantial enough to deny a continuance.

Weighing Defendants' diligence and prejudice to Plaintiff, the Court holds that a continuance under Rule 16 is warranted. Fed. R. Civ. P. 16.

**IV.    Conclusion**

For the foregoing reasons, the Court hereby GRANTS the Motion to Continue Trial and Related Deadlines, Dkt. No. 61, and ORDERS all deadlines in the Civil Trial Order, Dkt. No. 53 are VACATED. The parties are ORDERED to meet and confer and file a joint status report within thirty (30) days regarding further proceedings. The joint status report shall address whether the case is now moot. Failure to comply with this Order may result in this matter being dismissed without further warning.

IT IS SO ORDERED.

Dated: March 24, 2026

_____

MAAME EWUSI-MENSAH FRIMPONG

United States District Judge

---

[2] Through inadvertence, this Court's order was not issued prior to this key date, and the Court regrets the delay. Nevertheless, the Court's findings remain.